IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 13-2014-LRR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BENTON STONG, | ) | |
| | ) | GOVERNMENT'S |
| Defendant. | ) | TRIAL MEMORANDUM |

**TABLE OF CONTENTS**

I.   PRE-TRIAL STATEMENT AS TO THE STATUS OF THE CASE .................. 1

II.  PRE-TRIAL OPENING STATEMENT ............................................................ 4

III. EVIDENTIARY ISSUES ............................................................................... 7

IV.  OTHER ISSUES ........................................................................................ 10

**I.   PRE-TRIAL STATEMENT AS TO THE STATUS OF THE CASE**

(a)   Trial in this case is set to begin with jury selection at 9:00 a.m. on Monday, September 16, 2013, with evidence presentation beginning that date.

(b)   The government estimates that the trial will last approximately two to three days.

(c)   Defendant is detained.

(d)   An interpreter is not required.

(e)   The government does not propose that a jury be waived.

(f)   Defendant is currently charged in a five-count Indictment. The Indictment charges defendant with one count of sexual exploitation of children, in

1

violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1), and four counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Counts 2-5).

(g) The relevant Title 18 statutes are as follows:

Title 18, United States Code, Section 2251 provides in pertinent part:

(a) Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

(e) Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . . .

Title 18, United States Code, Section 2252A provides in pertinent part:

(a) Any person who—

    (5) (B) knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . .

2

shall be punished as provided in subsection (b).

(b) (2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

Title 18, United States Code, Section 2256 provides in pertinent part:

For the purposes of this chapter, the term—

(1) "minor" means any person under the age of eighteen years;

(2) (A) . . . "sexually explicit conduct" means actual or simulated—

(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(ii) bestiality;

(iii) masturbation;

(iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person;

(5) "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format;

(8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated

3

> image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . .

(h) The essential elements of the charges are set forth in the previously submitted joint proposed jury instructions.

## II. PRE-TRIAL OPENING STATEMENT

The government anticipates that the evidence at trial will show the following:

On July 9, 2012, R.B. contacted the Fayette County Sheriff's Office regarding information she and other parents had about defendant. Deputy Michael Foland spoke with R.B. and other parents; R.B. and three of these parents are the first four witnesses on the government's witness list. These four parents stated their sons had spent time (including overnight stays) at defendant's apartment in Oran, Iowa. Defendant ran a computer repair service out of his apartment. Foland briefly spoke with the four boys. One of the boys was ten years old (almost eleven), two were eleven years old, and one was twelve years old.

On July 10, 2012, deputies executed a search warrant at defendant's apartment. They seized numerous items of electronic evidence, including two tower computers from defendant's living room (identified by law enforcement as items 47-1 and 47-2) and a Canon PowerShot SX150 IS digital camera. These two computers contained multiple hard drives. The computer identified as item 47-1 was on when the search warrant was executed. Chief Deputy James Davis opened some of the images on this computer and took digital photographs of them; these

included photographs of pornographic images of the four local boys referenced above (Exhibits 40-44).

Foland and Davis will testify regarding their participation in the investigation. If called as a witness, Deputy Joe Miller will testify regarding his participation in the investigation, which primarily involved the chain of custody of evidence. One or more of these witnesses also will identify what areas are depicted in the search warrant photographs (Exhibits 40-52) and in images found during the forensic examination.

Investigator Joseph Schmitz of the Cedar Rapids Police Department performed forensic examinations of electronic items seized from defendant's apartment. He found child pornography on several items, including (1) a Western Digital hard drive from the computer identified as item 47-1 (Count 2), which contained images and videos of the local boys and images from the Internet; (2) a Western Digital hard drive from the computer identified as item 47-2 (Count 3), which contained images from the Internet; (3) a Seagate hard drive from the computer identified as item 47-2 (Count 4), which contained videos of the local boys; and (4) a Kingston SD memory card found inside the Canon PowerShot SX150 IS digital camera (Count 5), which contained images of the local boys. Some of the images on the SD memory card matched images in the digital photographs Davis had taken of the computer identified as item 47-1. One image on the SD memory card (Exhibit 32) was a still image from a pornographic video of two of the local boys. The pornographic depictions of the local boys were taken in June and July of 2012.

Schmitz found evidence of defendant's use of these computers and of the use of encryption software. He will testify regarding other information from his forensic examinations, including data related to the videos (Exhibits 4-10) and images (Exhibits 19-32) offered into evidence. This information includes data on the images from the Internet (Exhibits 22-27).

Schmitz took still images from some of the pornographic videos of the local boys; he redacted some of these images to cover the boys' genital areas (Exhibits 11-18). He also prepared redacted versions of some of the pornographic images of the local boys (Exhibits 33-38). The government intends to show these still images and redacted images to the four parents to identify the victims depicted. The parents also will testify to their sons' dates of birth and to their knowledge of their sons' relationship with defendant.

The pornographic videos (Exhibits 1-2) and images (Exhibits 19-21, 29-31) of the local boys were taken inside defendant's apartment. Defendant's voice can be heard in the pornographic videos and in two non-pornographic videos he prepared of himself (Exhibit 3). R.B. has known defendant for over ten years, and she also has been inside defendant's apartment. The government intends to play portions of the audio from these videos and ask R.B. if she can identify the voice on these portions of audio.

The government may or may not call one or more of the local boys as witnesses. If the government calls any of the local boys as witnesses, this likely will occur on the second day of trial.

6

Case 6:13-cr-02014-LRR-JSS    Document 26    Filed 09/09/13    Page 6 of 10

## III. EVIDENTIARY ISSUES

Some evidentiary issues have been addressed in defendant's motion in limine and the government's response; these issues will not be repeated here. Other evidentiary issues may include the following.

### A. Witnesses' Criminal Histories

The government has obtained and provided to defendant criminal histories on the four parents and one of the local boys. These criminal histories include theft convictions for three of the parents. Of the convictions the government is aware of, only one was from the last ten years; this was a fifth degree theft from 2010, and the government does not have information on whether this act involved a dishonest act or false statement. *See United States v. Yeo*, 739 F.2d 385, 387 (8th Cir. 1984) (holding theft was not a crime involving dishonesty or false statement under Rule 609(a)(2), but stating a witness' conviction for theft may be admissible if "the crime was committed by fraudulent or deceitful means").

Another parent entered a guilty plea to theft in the first degree and received a deferred judgment in June 2003, with the deferred judgment expunged in June 2005. Earlier today, the government received additional information showing that this crime did involve dishonesty or false statement. However, for two reasons, the government does not believe this deferred judgment is admissible. First, more than ten years have passed since the entry of the deferred judgment. *See* Fed.R.Evid. 609(b). Second, the deferred judgment was expunged following two years of the witness remaining arrest-free while under supervision. *See* Fed.R.Evid. 609(c)(1). The case law the government has found is not entirely clear on the application of

7

Rule 609(c). *Compare United States v. Swanson*, 9 F.3d 1354, 1356-57 (8th Cir. 1993) (holding court did not plainly err in admitting evidence of the defendant's Colorado felony guilty plea, even though the defendant received a deferred judgment and the case was later dismissed, where the defendant "did not provide any evidence that the dismissal of the case was based on a finding of innocence or rehabilitation") *with United States v. Ferguson*, 776 F.2d 217, 221-22 (8th Cir. 1985) (holding court did not abuse its discretion in finding Arkansas court's order of expungement pursuant to expungement statute was sufficient to satisfy Rule 609(c)). *See also Brown v. Frey*, 889 F.2d 159, 171 (8th Cir. 1989) (affirming court's exclusion of witness' perjury conviction because governor stated pardon for conviction was based upon witness' rehabilitation).

### B. The Charged Depictions Are of Sexually Explicit Conduct

The government must prove that the charged images depict sexually explicit conduct. Sexually explicit conduct is defined in 18 U.S.C. § 2256(2)(A) (see above), and it includes "lascivious exhibition of the genitals or pubic area of any person." See Proposed Instruction No. 15; Eighth Circuit Criminal Model Instruction No. 6.18.2252A (2012); *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987), *cert. denied*, 484 U.S. 856 (1987)); *see also United States v. Ward*, 686 F.3d 879, 881-84 (2012); *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009); *United States v. Johnson*, 639 F.3d 433, 439-441 (8th Cir. 2010).

"The meaning of the phrase 'lascivious exhibition of the genitals or pubic area' is a matter of law . . ." *Wallenfang*, 568 F.3d at 656-57 (citing *Horn*, 187 F.3d at 789). "But 'the question whether materials depict "lascivious exhibition of the genitals," an element of the crime, is for the finder of fact.'" *Id.* (citing *Rayl*, 270 F.3d at 714).

In *Rayl*, the court explained, "Because the issue raises First Amendment concerns, and because of the potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography, we think the district court should conduct a preliminary review of whether materials offered by the government for this purpose depict sexually explicit conduct as a matter of law." *Id.* at 714.

If defendant contends that any of the charged images do not depict sexually explicit conduct as a matter of law, it would be appropriate for the Court to examine the images prior to their introduction into evidence in order to determine whether, as a matter of law, they depict sexually explicit conduct. If the Court determines that any of these images do not depict sexually explicit conduct, the government believes they would be admissible as intrinsic to the case, or alternatively, admissible under Rule 404(b) to show defendant's knowledge, intent, or motive.

The government will discuss this issue with defense counsel, and the parties will inform the Court if a review of the depictions the government seeks to offer into evidence is necessary.

C.  **The Jury May Conclude, Based on the Depictions Alone, that the Depictions are of Actual Minors**

Some of the depictions in this case are of unknown victims. A jury may conclude that real children are shown in the charged depictions based on the depictions alone. *United States v. Becht*, 403 F.3d 541, 549 (8th Cir. 2005); *United States v. Deaton*, 328 F.3d 454, 455 (8th Cir. 2003); *United States v. Vig*, 167 F.3d 443, 449-50 (8th Cir. 1999) (government, as part of affirmative case, was not required to negate unsupported speculation that images may have been computer-generated or other than what they appeared to be).

D.  **Stipulations**

The parties have reached agreement on trial stipulations involving interstate commerce. These stipulations are contained in Government Exhibit 53.

IV.  **OTHER ISSUES**

The parties will inform the Court if further issues arise.

Respectfully submitted,

SEAN R. BERRY
United States Attorney

By: s/ Mark Tremmel

MARK TREMMEL
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333 / (319) 363-1990 (fax)
Mark.Tremmel@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on September 9, 2013.

UNITED STATES ATTORNEY

BY: s/ Mark Tremmel

COPIES TO: Anne Laverty